UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

COMFORT SYSTEMS USA (SYRACUSE),
INC. d/b/a ABJ FIRE PROTECTION CO.,

                         Plaintiff,

vs.

GATEWAY PROPERTY SOLUTIONS, LTD.,

                         Defendant.

_____

                                 DECISION AND ORDER

                                 21-CV-6017 (CJS)

GATEWAY PROPERTY SOLUTIONS, LTD.,

                         Defendant/Third-Party Plaintiff,

vs.

ROSEWOOD REALTY ROCHESTER LLC,

                         Third-Party Defendant.

_____

      The matter is presently before the Court on Third-Party Defendant Rosewood Realty Rochester LLC's ("Rosewood") motion to strike Defendant / Third-Party Plaintiff Gateway Property Solutions LTD's ("Gateway") third-party complaint, and Gateway's cross-motion for "retroactive" leave to file its third-party complaint. Mot. to Strike, Apr. 30, 2021, ECF No. 19; Resp., June 2, 2021, ECF No. 28. For the reasons stated below, Rosewood's motion [ECF No. 19] is granted, Gateway's cross-motion [ECF No. 28] is denied, Gateway's third-party complaint is stricken, and the Clerk of Court is directed to terminate Rosewood as third-party defendant on this action.

BACKGROUND

      In September 2020, Plaintiff Comfort Systems USA (Syracuse), Inc. d/b/a ABJ Fire Protection ("ABJ") filed an action in Superior Court in Ocean County, New Jersey to

recover $114,097.65 from Gateway for its installation of a sprinkler and fire prevention system on a hotel renovation project (the "project") on which Gateway was the general contractor, and for tools lost due to a fire at the job site. Not. of Removal, Oct. 23, 2020, ECF No. 1. Gateway removed the matter to the Federal District Court of New Jersey, and moved for a transfer to the Western District of New York. Mot. to Change Venue, Oct. 29, 2020, ECF No. 5.

Within a week of removing the case to federal court, Gateway filed both an answer to ABJ's complaint, and a motion to change the venue of the case to the Western District of New York. Mot. to Change Venue, Oct. 29, 2020, ECF No. 5. In support of its motion to change venue, Gateway maintained, *inter alia*, that:

> Although Gateway disputes the amount being claimed by [ABJ] in this lawsuit, Gateway has sought payment from Rosewood, the owner of the Project, for amounts owed by the owner in connection with the Project. Such payment would include amounts being claimed by [ABJ] in this lawsuit. Rosewood has taken the position that, because the premises suffered a fire loss before the work was completed, Rosewood is not obligated to make payment to Gateway for the work performed. Although Gateway denies Rosewood's argument, if Rosewood is correct in its position, Gateway should similarly not be obligated to make payment to [ABJ] in this lawsuit. However, if Gateway is obligated to make payment to [ABJ], Rosewood should be compelled to pay Gateway for those amounts (along with additional amounts which Rosewood owes to Gateway). In light of this, Rosewood should be made a party to this lawsuit.

Mem. in Supp., 3, Oct. 29, 2020, ECF No. 5-1. Gateway also submitted an affidavit from Eliyahu ("Eli") Kessler, President of Gateway, which declared that Gateway was hired by Rosewood to renovate a hotel, that Gateway had hired ABJ to perform certain work in connection with the project, and that "[s]hortly after the job was started, a fire occurred, causing all of the work to cease." Kessler Decl., ¶ 3–6, Oct. 29, 2020, ECF No. 5-2.

2

Kessler further stated that "[i]n light of the fire, [Rosewood] is refusing to make payment to Gateway sums of money which are owed in connection with the work performed . . . ." Kessler Decl. at ¶ 7.

In January 2021, the district court in the District of New Jersey granted Gateway's motion, and the case was transferred to the Western District of New York. Order, Jan. 6, 2021, ECF No. 6. In its order, the district court explained that the motion was granted "because [Gateway] wishes to bring a third-party action against [Rosewood] . . .  for recoupment of any amounts alleged by [ABJ] to be owed by [Gateway]." *Id.* at 1. Two months later, Gateway filed a third-party complaint against Rosewood alleging that Rosewood has failed to make payment to Gateway for the work for which the Subcontractors sought and/or seek payment. Third Party Compl., ¶ 9–15, Mar. 8, 2021, ECF No. 10. Gateway omitted from its third-party complaint any mention of a fire causing work to cease on Rosewood's hotel renovation project.

The matter is now before the Court on Rosewood's motion to dismiss or to strike Gateway's third-party complaint on the grounds both that Gateway failed to seek leave to file its third-party complaint, and that a third-party action is not appropriate in the circumstances presented in this case. Not. of Mot., ECF No. 19. Gateway opposes Rosewood's motion, and has filed a cross-motion for "retroactive" leave to file the third-party complaint. Resp., June 2, 2021, ECF No. 28.

LEGAL STANDARD

The rules governing when a defending party may bring a third party into an action (i.e., "impleader") are outlined in Rule 14 of the Federal Rules of Civil Procedure. Rule 14

provides that, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). "The general purpose of Rule 14(a) is to serve judicial economy, discourage inconsistent results, and limit the prejudice incurred by a defendant by removal of the time lag between a judgment against the defendant and a judgment over against a third-party defendant." *Blais Const. Co. v. Hanover Square Assocs.-I*, 733 F. Supp. 149, 152 (N.D.N.Y. 1990) (citing *Dery v. Wyer*, 265 F.2d 804, 806–07 (2nd Cir. 1959)).

The party seeking to implead a third-party bears the burden of showing that impleader is appropriate. *839 Cliffside Ave. LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 15-CV-4516 (SIL), 2016 WL 5372804, at *4 (E.D.N.Y. Sept. 26, 2016) (citation omitted). The Second Circuit has summarized the circumstances in which an impleader action is proper:

> To sustain an impleader action, the third-party defendant . . . "must be liable secondarily to the original defendant, or that the third party. . . must necessarily be liable over to the defendant . . . for all or part of the plaintiff's . . . recovery, or that the defendant . . . must attempt to pass on to the third party . . . all or part of the liability asserted against the defendant . . . ." [*International Paving Sys., Inc. v. Van–Tulco, Inc.*, 866 F.Supp. 682, 686 (E.D.N.Y. 1994)]; Wright, Miller & Kane, Federal Practice and Procedure § 1446 (1990) . . . . This means that the impleader action must be dependent on, or derivative of, the main . . . claim.

*Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 437–38 (2d Cir. 2000). In other words, "[t]he mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." 6 Wright & Miller, *Fed. Prac. & Proc. Civ.*, § 1446 (3d ed.). Rather, to sustain an impleader action "the third-party defendant's

liability must be contingent on the outcome of the main claim . . . ." *Kraus USA, Inc. v. Magarik*, No. 17 CIV. 6541 (ER), 2018 WL 4682016, at *8 (S.D.N.Y. Sept. 28, 2018) (internal quotation marks and citation omitted). *See also Doucette v. Vibe Recs., Inc.*, 233 F.R.D. 117, 120 (E.D.N.Y. 2005) ("A third-party complaint is a narrow device and cannot be used to bring in other matters that may have some relationship to the case.").

While timely motions for leave to implead non-parties are, for the most part, freely granted in the interest of judicial economy, the right to implead third parties is not automatic. *M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*, 272 F. Supp.2d 217, 220 (W.D.N.Y. 2003). If a defendant fails to file a third-party complaint within 14 days after serving its original answer, courts in this Circuit evaluate four factors to decide whether to grant leave to that defendant to a file a third-party complaint: "(1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted." *iBasis Glob., Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 74 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

Ultimately, "[t]he decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion." *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984) (citation omitted).

## DISCUSSION

The "main claim" in the present case is ABJ's claim against Gateway to recover payment for its installation of the sprinkler and fire prevention system on the Rosewood

project, and for tools ABJ lost in the fire. As indicated above, Gateway has filed a third-party complaint against Rosewood seeking to recover $286,383.78. The third-party complaint states that "[p]ursuant to the Contract [between Gateway and Rosewood], Rosewood agreed to pay Gateway the 'Contract Price' . . . in exchange for work and/or services performed . . . in connection with the Project." Third Party Compl. at ¶ 10. It further alleges that because Gateway performed the agreed-upon work, and retained subcontractors such as ABJ to perform work on the Project, it is entitled to payment "for the work for which the Subcontractors sought and/or seek payment." Third Party Compl. at ¶ 15. Therefore, Gateway argues that impleader is proper due to the "common factual and legal issues involved in" ABJ's action to collect from Gateway, and Gateway's action to collect from Rosewood. Gateway Mem. of Law, 8, June 2, 2021, ECF No. 28-6.

For its part, Rosewood maintains that pursuant to the Federal Rules of Civil Procedure, Gateway's third-party complaint should be dismissed under Rule 12(b)(6) for failure to state a claim, or stricken as an improper third-party action under Rule 14. Not. of Motion, Apr. 30, 2021, ECF No. 19. First, Rosewood argues that Gateway's third-party complaint should be stricken or dismissed because Gateway failed to file the complaint within 14 days of answering the main claim, and never sought leave of Court to file the complaint thereafter. Rosewood Mem. of Law, 3–7, Apr. 30, 2021, ECF No. 20. Second, Rosewood argues that Gateway's third-party complaint should be stricken or dismissed because Gateway fails to show that its claims are dependent on, or derivative of, ABJ's main claim in this case. *Id.*

With respect to the propriety of Gateway's third-party complaint, the parties debate the applicability to the present case of the recent decision out of the Eastern District of New York in *E.C. Contracting, Inc. v. D.F. Pray, Inc.*, No. 1:19-CV-6813-FB-VMS, 2021 WL 1152938 (E.D.N.Y. Mar. 26, 2021). *See* Rosewood Mem. of Law at 5–6; Gateway Mem. of Law at 11–14. The case of *E.C. Contracting* involves a subcontractor bringing suit against a general contractor for the general contractor's failure to pay for the subcontractor's services. *E.C. Contracting, Inc.*, 2021 WL 1152938, at *1. Claiming that it never received payment from the owner of the project, the general contractor sought leave to file a third-party complaint against the owner. *Id.* The court denied leave to the general contractor because it found that the issues between the subcontractor and general contractor on the one hand, and between the general contractor and the owner on the other, were "arguably related" but not identical. *Id.* at *3. In particular, the *E.C. Contracting* court found that the main action and the proposed third-party action "lacked symmetry" because the subcontractor's complaint in the main action hinged on whether "it properly fabricated, delivered and installed components needed for the project, while [the contractor's] claims against the [o]wner turn on the issues of whether the [o]wner improperly caused the Project to be delayed . . . ." *Id.* at *3.

After reviewing the papers in this case and the parties' arguments, the Court finds *E.C. Contracting* to be analogous to the present case in the sense that Gateway's third-party action against Rosewood is arguably related to, but not identical with, ABJ's main claims against Gateway. Certainly, the two actions both relate to work performed on the hotel renovation project owned by Rosewood. However, (1) the two separate contracts

7

between the parties – Rosewood-Gateway, and Gateway-ABJ –raise distinct issues, (2) the fire introduces a potentially complex liability issue between Rosewood and Gateway, and (3) it is not clear that allowing the third-party complaint against Rosewood would serve the purposes of Rule 14.

The Contracts between the Parties

The resolution of the contractual responsibilities at issue in the Rosewood-Gateway contract is not necessarily dependent upon the resolution of the contractual responsibilities between Gateway and ABJ. To begin with, the Rosewood-Gateway contract[1] clearly states in Part II, paragraph 37, that all of Gateway's subcontracts "shall (i) be in [Gateway]'s name, and not as an agent for [Rosewood]." Tuttle Decl. (Ex. 3), 14, Apr. 30, 2021, ECF No. 21-3. Consistent with this provision, the contract between ABJ and Gateway is addressed to "Gateway Property Solutions," was executed by Gateway's president, Eli Kessler, and does not identify Rosewood as an entity or assign any obligations to Rosewood. Ex. B (Quotation), Oct. 29, 2020, ECF No. 5-4. Moreover, under Part II, paragraphs 38 and 39 of the contract, Gateway is required to "fully defend, hold harmless and indemnify" Rosewood for claims made by Gateway's subcontractors, including claims of non-payment. Tuttle Decl. (Ex. 3) at 15. Lastly, although the Rosewood-Gateway contract expressly states that "[Rosewood] shall pay [Gateway] the amount corresponding to the portion of the Work performed and materials and equipment delivered and suitably stored at the Site in accordance with the Agreement," it also

---

[1] Gateway's complaint references the Rosewood-Gateway contract in multiple paragraphs, as the basis for its breach of contract claim. *See, e.g.,* Third Party Compl. at ¶ 9–13. Thus, the Rosewood-Gateway contract is incorporated by reference into Gateway's third-party complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

identifies several reasons that justify Rosewood's withholding of payment, such as "any damage or claim caused by the Contractor." Tuttle Decl. (Ex. 3) at 10–11 (¶ 11, 16).

Therefore, as in *E.C. Contracting*, "the complaints in this case lack symmetry." *E.C. Contracting, Inc.*, 2021 WL 1152938, at *3. That is, while a decision on one claim could potentially affect the resolution of the other, the two sets of claims could also be resolved in isolation. *Id.* For instance, a jury could determine that ABJ fulfilled its contractual obligations and was entitled to payment from Gateway, but nevertheless find one or more reasons that would justify Rosewood's withholding of payment from Gateway. *Id.*

Complex Liability Issues

In addition to contractual differences, there appear to be complex liability issues that distinguish the ABJ-Gateway claim from the Gateway-Rosewood claim. As Gateway and Rosewood discuss in their papers, all three parties involved in this case – ABJ, Gateway, and Rosewood – are also parties to a lawsuit that Rosewood filed in New York state court to recover damages as a result of a fire at the project. *See, e.g.,* Gateway Reply, 8–10, Jul. 1, 2021, ECF No. 32. Citing Rosewood's brief in this case, Gateway acknowledges that in the state court action, "Rosewood alleges that Gateway breached the [Rosewood-Gateway contract] to perform and supervise the project, bur[ned] down the building, and failed to complete the project in time . . . ." Gateway Reply at 9. Although Gateway argues that the existence of the separate suit is a serious prejudice to Gateway and subjects Gateway to potentially inconsistent rulings, the more salient issue to the present case is that the state court action demonstrates the existence of additional legal issues between Gateway and Rosewood that are independent of the issues between

Gateway and ABJ. This weighs in favor of the Court exercising its discretion to dismiss the third-party complaint. *See, e.g., Blais Const. Co*., 733 F. Supp. at 157 (declining to allow Rule 14(a) impleader where the legal and factual issues surrounding the third-party claims are independent of those that would be involved in the resolution of the main action).

Purposes of Rule 14

Finally, the circumstances of this case are such that allowing the third-party complaint would not serve the purposes of Rule 14. In particular, allowing Gateway's third-party complaint would not serve the interest of judicial economy, because the parties admit to being involved in state court proceedings in which Rosewood is pursuing an action for breach of contract and negligence against Gateway arising from the same set of facts as the third party complaint and main action here. Were the third-party complaint to proceed, many of the same issues would be litigated in parallel suits in state and federal court. Not only would such a situation result in a duplication of efforts, but it would create the potential for inconsistent results in two different courts.

In sum, Gateway has failed to meet its burden of demonstrating that impleader is appropriate in this case. The Gateway-Rosewood third-party action is not necessarily contingent upon the resolution of the main ABJ-Gateway contract action, involves complex factual and legal issues independent of the main action, and does not serve the purposes of Rule 14. Because Gateway did not meet its burden, the Court need not reach Rosewood's arguments regarding the procedural deficiencies of the third-party complaint. Gateway's motion for "retroactive" leave to file its third-party complaint is denied as moot.

CONCLUSION

For the foregoing reasons, it is hereby,

ORDERED that Rosewood's motion to strike Gateway's third-party complaint [ECF No. 19] is granted; and it is further

ORDERED that Gateway's motion for leave to file a third-party complaint [ECF No. 28] is denied as moot; and it is further

ORDERED that the Clerk of Court terminate Rosewood as Third Party Defendant in this case.

SO ORDERED.

Dated:      October 26, 2021
            Rochester, New York

                                                ENTER:


                                                CHARLES J. SIRAGUSA
                                                United States District Judge